IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDY ORTIZ, : | |
| *Plaintiff,* : | |
| : | CIVIL ACTION |
| v. : | NO. 21-CV-3104 |
| : | |
| LT. HORSEY, *et al.*, : | |
| *Defendants.* : | |

# **ORDER**

AND NOW, this 4th day of May, 2022, upon consideration of Plaintiff Andy Ortiz's Second Amended Complaint (ECF No. 18), it is **ORDERED** that:

1. Ortiz's claims against Blanche Carney and the City of Philadelphia are **DISMISSED WITH PREJUDICE**.[1] The Clerk of Court is **DIRECTED** to terminate Blanche Carney and the City of Philadelphia as Defendants in this matter.

---

[1] In its January 11, 2022 Memorandum screening Ortiz's Amended Complaint, *see Ortiz v. Horsey*, No. 21-3104, 2022 WL 102397 (E D. Pa. Jan. 11, 2022), the Court dismissed an official capacity claim for money damages against Defendant Blanche Carney and a municipal liability claim against th City of Philadelphia. *Id.* at *3-5. Ortiz was granted leave to amend the claims consistent with the Court's Memorandum. *Id.* at 7. Ortiz has returned with a Second Amended Complaint in which he again asserts an official capacity claim against Carney and a municipal liability claim against the City of Philadelphia. (ECF No. 18 at 15.) Because he has failed to cure the defects in these claims, they will be dismissed with prejudice. The claims already found to have survived statutory screeneing will be served for a responsive pleading.

Ortiz again asserts a claim against Carney in her official capacity. (ECF No. 18 at 15.) The Court previously described in full what was needed to allege plausible official capacity and municipal capacity claims. *See Ortiz*, 2022 WL 102397, at *3-4. As the Court previously stated, claims against county and municipal officials named in their official capacity are indistinguishable from claims against the local government entities that employ them. *Id.* at *3 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). That is because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166.

To state a claim for municipal liability, a plaintiff must allege that the municipality's policy or custom caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action

2. The Clerk of Court is **DIRECTED** to add the following Defendants to the docket: Lt. Horsey, Sgt. White, Correctional Officer Bailey, Correctional Officer Tita and Major Martin. The Clerk of Court is **DIRECTED** to amend the caption to reflect the caption Ortiz uses in his Second Amended Complaint. (ECF No. 18.)

3. The Clerk of Court shall issue summonses for the following Defendants: Lt. Horsey, Sgt. White, Correctional Officer Bernett, Correctional Officer Amazon, Correctional Officer Bailey, Correctional Officer Tita, Correctional Officer Petel and Major Martin. Service of the summonses and the Second Amended Complaint (ECF No. 18) shall be made upon these Defendants by the U.S. Marshals Service. Ortiz must promptly complete a USM-285 form for each Defendant so that the Marshals can serve them. Failure to complete those forms may result in dismissal of this case.

---

issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Ortiz alleges Carney is the Commissioner of the Philadelphia Department of Prisons and is a final policymaker for the City of Philadelphia. (ECF No. 18 at 15.) He does not describe any policies she has established that resulted in the constitutional violations he alleges. He also alleges she has "immediate custody" over Ortiz and that she has ignored his memos and grievances. (*Id.*) The Court has already dismissed with prejudice Ortiz's claims against Carney arising from her alleged failure to respond to grievances. (ECF No. 16. at 9.) Ortiz's new allegations do not state a plausible claim against her. In addition to his claims againainst Carney, Ortiz alleges the City is a "political subdivision organized and existing under the law of the Commonwealth of" Pennsylvania, "funds, controls, and operate[s]" the Philadelphia Department of Prisons and has "immediate control" over Oritz. (ECF No. 18 at 15.) He does not describe any policies or customs that resulted in the constitutional violations he alleges or any incidents of failure to supervise, train or discipline. In short, his broad conclusory allegations do not provide sufficient facts to support a plausible municipal liability claim. The Court therefore dismisses Ortiz's claims against Carney and the City of Philadelphia as not plausible. Because he was already afforded an opportunity to cure the deficiencies in this claim and did not do so, Ortiz is not granted further leave to amend, as it would be futile.

2

4. In the event a summons is returned unexecuted, it is Ortiz's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the relevant Defendant's correct address, so service can be made.

5. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
> (Signature)"

6. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Ortiz is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

7. Ortiz is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve

the dispute." Ortiz shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

8. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

9. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.